UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                                              CRIMINAL NO. 3:14cr114-DPJ-FKB

CHRISTOPHER RAYNARD KIDD

ORDER

On October 21, 2015, a jury found Defendant Christopher Raynard Kidd guilty of conspiracy to distribute actual methamphetamine and the distribution of actual methamphetamine. He now seeks acquittal under Rule 29 of the Federal Rules of Criminal Procedure or a new trial under Rule 33. *See* Def's Mot. [226]. For the reasons that follow, the Motion is denied.

Rule 29 allows the Court to set aside a jury's verdict of guilt if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(c). The standard for reviewing a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the evidence establishes the essential elements of the crime beyond a reasonable doubt." *United States v. Bellew*, 369 F.3d 450, 452 (5th Cir. 2004) (quoting *Jackson v. Virginia*, 43 U.S. 307, 319 (1979)) (internal quotation marks omitted).

Rule 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). But "[t]he grant of a new trial is necessarily an extreme measure." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997). Therefore, "motions for new trial are not favored, and are granted only with great caution." *Id.* (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "A new trial is granted 'only

upon demonstration of adverse effects on substantial rights of a defendant.'" *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997) (quoting *United States v. Cooks*, 52 F.3d 101, 103 (5th Cir. 1995)).  An error affects a defendant's substantial rights if "it affected the outcome of the trial court proceedings." *United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001).

Starting with Rule 29, Kidd fails to explain how the evidence was somehow insufficient. Instead, he merely states—without elaboration or supporting authority—that "the verdict is against the overwhelming weight of the evidence." *See, e.g.*, Def.'s Mot. [226] ¶ 3.  Given the lack of specificity in Defendant's Motion, the Court will not offer an extensive review of the evidence.  Suffice to say, the evidence of guilt was overwhelming and clearly sufficient to sustain a verdict.

Significantly, five co-conspirators testified against Kidd, most of whom offered direct evidence that he was heavily involved in the alleged conspiracy to distribute methamphetamine. In addition, the jury listened to several recorded telephone conversations during which the participants openly discussed the charged offenses.  The co-defendants identified Kidd as the caller in each, and in one conversation Kidd identified himself by name.  The evidence was more than sufficient, so the Rule 29 Motion is denied.

As for Rule 33, the only error Kidd mentions is the Court's rejection of his Rule 29 Motion made after jury deliberations concluded but before the jury returned its verdict.  Again, the evidence of guilt was overwhelming, and the Court did not err in denying that motion.  The Rule 33 Motion is therefore denied.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Judgment of Acquittal or New Trial is DENIED.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2015.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE