UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:14-CR-114-DPJ-FKB

CHRISTOPHER RAYNARD KIDD

ORDER

Over three years after the verdict, Defendant Christopher Kidd seeks judgment of acquittal or a new trial—his second such request. Def.'s Mot. [356]. For the following reasons, the motion is denied.

I.  Background

On October 21, 2015, the jury found that Kidd conspired to distribute methamphetamine and distributed methamphetamine. Kidd then filed a timely motion for judgment of acquittal or new trial, *see* Def.'s Mot. [226], which the Court denied because "the evidence of guilt was overwhelming," Nov. 30, 2015 Order [256] at 2. A protracted dispute over Kidd's competence followed, ultimately resulting in a finding that he was competent at the time of trial and remains so.

After his April 12, 2019 sentencing hearing, but before judgment was entered, Kidd filed the instant motion again seeking judgement of acquittal or a new trial. According to Kidd, the Court should grant relief under Federal Rule of Criminal Procedure 29, or alternatively Rule 33, because (1) the verdict is against the overwhelming weight of the evidence; (2) the evidence was insufficient to substantiate the verdict; (3) the Court erred in finding Kidd competent to stand trial; (4) trial counsel was constitutionally ineffective; and (5) the Court erred by denying Kidd new trial counsel. *See* Def.'s Mot. [356] at 1.

Kidd filed no supporting memorandum and failed to explain these arguments, prompting the Government to file a similarly thin response. Kidd then declined to file a reply within the five days allowed under Local Uniform Criminal Rule 47(D).

II.     Jurisdiction

On April 24, 2019, Kidd—who is still represented by counsel—filed a pro se notice of appeal [358]. In his notice, Kidd seeks to appeal the "judgment and sentence imposed by this Court on April 12, 2019." Not. of Appeal [358]. That raises a jurisdictional question.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But in this case, Kidd prematurely filed his notice. Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the notice must be filed "within 14 days after . . . the entry of . . . the judgment . . . being appealed." No such judgment has been entered here because Kidd filed his motion for judgment of acquittal or new trial after sentencing.

The Court must therefore consider Rule 4(b)(2), which states that "[a] notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Under this rule, Kidd's premature notice is not yet deemed effective. *See United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (holding that jurisdiction vested with appellate court when "notice of appeal became effective"). Jurisdiction has not passed to the Fifth Circuit.

III.    Analysis

Kidd presents a blend of old and new issues in his most recent motion. The Court will first review the previously rejected arguments and then address the new ones.

A.      Old Issues

Kidd premises his motion on Rules 29 and 33, but he mostly rehashes arguments the Court has already rejected. As noted above, the Court denied Kidd's first motion for judgment of acquittal or new trial based on the weight of the evidence (Grounds One and Two of the present motion). The Court also denied Kidd's post-trial motion challenging his competency and then denied a motion for reconsideration of that ruling (Ground Three of the present motion). *See* Feb. 25, 2019 Order [352].

Neither party considers whether these old and unsuccessful issues should be addressed under Rule 29 or Rule 33 or treated as motions for reconsideration. And if they are motions for reconsideration, the parties do not discuss which rules and standards apply.

Logically, Grounds One through Three look like motions for reconsideration. If so, the question is which rule applies to each ground. The Federal Rules of Criminal Procedure do not address reconsideration. *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003). "For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases." *United States v. Evans*, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018) (citations omitted). Under the civil rules, Rule 54(b) applies to interlocutory orders. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). For final judgments, Rule 59(e) applies to motions filed within 28 days of an order, and Rule 60(b) governs motions filed more than 28 days after the disputed order. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

Applying these standards in this case raises tricky issues neither party explores. But because all three grounds fail under all three civil rules, the Court will not further address it. Instead, the Court will apply Rule 54(b), under which a district court may "reconsider and

reverse its decision for any reason it deems sufficient." *McClendon*, 892 F.3d at 781. This is the most lenient possible standard.

Turning to the issues, Kidd makes a bare-bones assertion that the evidence was not sufficient to sustain the verdict. He offers no analysis or record evidence whatsoever and fails to explain how the Court's first ruling on this issue was erroneous. Indeed his counsel stated during the sentencing hearing that Kidd made a mistake taking a no-win case to trial. As the Court held in 2015, "the evidence of guilt was overwhelming." Nov. 30, 2015 Order [256] at 2. Grounds One and Two of the present motion are denied.

As for Ground Three regarding competency, the Court denied Kidd's original motion in a bench ruling then denied his motion for reconsideration. *See* Feb. 25, 2019 Order [352]. So technically, the present motion seeks reconsideration of an order denying reconsideration of an order denying his original motion. Yet Kidd offers no record evidence or analysis suggesting that the first two rulings were incorrect. The Court has not changed its mind; Ground Three is denied.[1]

B.     New Issues

Kidd raises two new grounds for relief in his most recent motion: trial counsel was constitutionally ineffective (Ground Four) and the Court erred by denying Kidd new trial counsel

---

[1] The Court is not necessarily convinced that Rule 54(b) applies in the criminal context and has used that standard solely because it is the most lenient. If it does apply, it is arguable that the Court's previous order on reconsideration of competency should have been addressed under that rule as well. Neither party addressed the issue then, and there is little guidance on whether Rule 54(b) actually applies to interlocutory orders in criminal cases as it does in civil cases. *See McClendon*, 892 F.3d at 781. Assuming it does, it would not change the results of the previous order. As stated from the bench and noted in the last order, the Court considered an unusually extensive record before rejecting Kidd's assertion that he lacks competency. *See* Feb. 25, 2019 Order [352] at 2. Nothing has changed that opinion.

(Ground Five).  *See* Def.'s Mot. [356] at 1.[2]

Starting with ineffective assistance of counsel, Kidd carries the burden to demonstrate that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Yet Kidd fails to identify a single mistake his attorney made or explain how it would have mattered given the overwhelming evidence of his guilt.  Ground Four is denied.

Finally, Kidd says the Court erred by denying him new trial counsel.  It is again difficult to analyze the issue because Kidd fails to explain it or identify when the Court made that decision.  Although it is certainly possible the Court has missed something given the size of this record, it was unable to find a motion seeking new counsel that was denied.  Instead, the record reflects that the Court allowed Kidd—an indigent defendant—to change counsel at least three times.

Even assuming the Court did deny another request for new counsel at some point, it would have been well within its discretion.  As the Fifth Circuit has explained,

> [a]lthough an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause.  *See United States v. Sexton*, . . . 473 F.2d 512, 514 [(5th Cir. 1973)].  Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court.

---

[2] The easiest answer to Grounds Four and Five is that the time to move under Rules 29 and 33 passed more than three years ago.  *See* Fed. R. Crim. P. 29(c)(1) (stating that a motion must be filed "within 14 days after a guilty verdict or after a court discharges the jury, whichever is later"); Fed. R. Crim. P. 33(b)(2) (requiring motion "14 days after the verdict or finding of guilty" if not based on new evidence).  Here, Kidd offers no new evidence, so the deadline to file this motion passed November 4, 2015.  That said, the Government waived the timeliness argument.  *See United States v. Ramey*, 717 F. App'x 492 (5th Cir. 2018) (noting that "district court may have abused its discretion in raising the timeliness [of Rule 33 motion] sua sponte in view of *Eberhart v. United States*, 546 U.S. 12, 19 . . . (2005)").

*United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973). There are other legal issues and applicable standards that might apply to this question depending on the facts, but Kidd has not provided enough information to support an informed analysis. Ground Five is denied.

IV. Conclusion

For the reasons stated, Defendant's Motion [356] is denied.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2019.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE